### In re FRANKLIN TRACTOR CO.

(Circuit Court of Appeals, Sixth Circuit. February 18, 1922.)

No. 3676.

Bankrupty ⬅126—Election of trustee by votes cast under proxies held by officer or attorney of bankrupt not necessarily void.

There is no hard and fast rule which renders void the election of trustee for a corporation by the votes of proxies held by an officer or the attorney for the corporation, and where the proxies were given without solicitation, no charge of fraud or collusion is made, and the election has been confirmed by the action of the referee and the District Court, it will not be set aside by the appellate court.

Petition for Revision of an Order of the District Court of the United States for the Southern District of Ohio; John E. Sater, Judge.

In the matter of the Franklin Tractor Company, bankrupt. On petition to revise order of District Court. Affirmed.

Frank E. Burnett, of Cincinnati, Ohio, for petitioners.

Oliver G. Bailey, of Cincinnati, Ohio, for respondents.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Petition to revise an order affirming an order of the referee which confirmed the election of a trustee. The election is assailed as invalid, for the reason that votes of creditors to an extent necessary to the election were cast under proxies held by either the president and general manager of the bankrupt corporation or its attorneys. The bankruptcy had been preceded by a receivership. District Judge Sater in refusing to set aside the order of the referee said:

"There is no evidence, outside of the statement of counsel, to sustain the petition for review, excepting such as is found in the certificate of the referee. It appears that [the bankrupt's president and general manager] shortly prior to the bankruptcy proceedings became the president of the bankrupt company and under the receivership acted as its manager. Shortly prior, also, to the receivership, the firm [of attorneys referred to] advised in reference to the bringing of receivership proceedings and subsequently acted for the receiver. There is no evidence that either [the president] or any member of the law firm ever asked any creditor for a power of attorney to vote on the election of a trustee in bankruptcy. Whatever powers were given to [the president] or to any such attorneys were given voluntarily by creditors and without any direction as to how the persons holding such powers of attorney should vote. The name of Meeker [the trustee elect] was not suggested for the position of trustee until the day before the election was held, nor was there any determination to vote for him until about the time the vote was cast, when, as between him and the other candidate [the president] and the member of the legal firm holding proxies concluded to vote for Meeker. There is no charge of collusion or bad faith, or that Meeker is not a competent person to act as trustee. The referee, who was cognizant of all that had occurred, approved

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests &:Indexes

Meeker's election, and I am not disposed to disturb it. It may be said, however, that the conclusion reached is not to be construed as establishing a rule for this district. The danger arising from the officers and counsel of a corporation exercising the controlling power in the election of a trustee is great and not to be encouraged. Each case, however, must stand upon its own facts, and, in the absence of any charge of wrongdoing, I have concluded in this instance to let the election stand, and for the further reason that the trustee elected and the persons casting the decisive vote are all of good repute. The trustee should exercise caution that no favoritism in behalf of any creditor, or prejudice against any one, is shown."

Upon this record we are not disposed to disturb the concurrent action of the referee and District Judge. There is no hard and fast rule voiding an election merely because the decisive votes were cast under proxies held as here. There is nothing to indicate that such measure of judicial discretion as was vested in those officers has been improperly exercised. We are content to rest our affirmance upon the reasons given by the District Judge for his action, which we think supported on principle and authority.